DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Hocking County Common Pleas Court judgment sentencing Rodney W. Snyder, defendant below and appellant herein, for convictions of rape, in violation of R.C. 2907.02(A)(1)(b), and unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A). The following errors are assigned for our review[1]:
 FIRST ASSIGNMENT OF ERROR {¶ 2} "The trial court's imposition of a definite nine year prison term for the appellant's conviction of a first degree felony carrying a maximum of ten years was error since the appellant was a first time offender entitled to a presumption in favor of the minimum prison term."
 SECOND ASSIGNMENT OF ERROR {¶ 3} "The trial court's imposition of a one year prison term for unlawful sexual conduct with a minor to be served consecutive to the count one rape conviction was contrary to law and not supported by the record."
 {¶ 4} During the spring and early summer of 2001, appellant engaged in sexual relations with his twelve year old daughter. These incidents were eventually discovered by his wife (the girl's mother) who, in turn, contacted authorities.
 {¶ 5} On August 20, 2001, the Hocking County Grand Jury returned an indictment charging appellant with one count of rape, in violation of R.C. 2907.02(A)(1)(b), one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4), three counts of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A), and the dissemination of matter harmful to juveniles, in violation of R.C. 2907.31(A)(1).
 {¶ 6} Initially, appellant pled not guilty to all six charges. Later, appellant reached an agreement with the prosecution whereby he would plead guilty to rape and to one count of unlawful sexual conduct with a minor in exchange for the dismissal of the remaining counts. On October 11, 2001, the court explained to appellant his constitutional rights and endeavored to ascertain that appellant's plea was knowingly and voluntarily made. Satisfied that this was the case, and after a review of the nature of the charges as well as the specifics of the plea agreement, the court accepted appellant's guilty pleas and passed the matter for pre-sentence investigation.
 {¶ 7} On January 7, 2002, the trial court conducted a sentencing hearing. Appellant's wife and one of his other children testified as to the harm caused by appellant's actions. After hearing their testimony, listening to counsels' arguments and considering the Pre-Sentence Investigation Report ("PSI"), the trial court imposed a nine (9) year prison term for the rape conviction and a one (1) year prison term for the unlawful sexual conduct with a minor conviction. The court further ordered that the sentences be served consecutively. The court entered its judgment on January 10, 2002.
 {¶ 8} On appeal, we reversed that judgment on grounds that the trial court did not consider the requisite statutory criteria for imposing either a nine year prison sentence on the rape conviction or in ordering the two sentences be served consecutively. See State v. Snyder, Hocking App. No. 02CA2, 2002-Ohio-3756. We remanded the matter to the trial court for further proceedings.
 {¶ 9} On remand, the court imposed a nine (9) year prison sentence on the rape conviction and a one (1) year sentence on the unlawful sexual conduct with a minor conviction. The court also ordered that the two sentences be served consecutively to one another. This appeal followed.
 I {¶ 10} Appellant argues in his first assignment of error that the trial court erred in sentencing him to nine (9) years in prison for the rape conviction rather than the minimum term of three (3) years on a first degree felony. Specifically, appellant contends that the court imposed the longer term without first determining that the minimum prison penalty would demean the seriousness of the offense or fail to adequately protect the public. We disagree.
 {¶ 11} Our analysis begins with R.C. 2907.02(B) which specifies that rape is a first degree felony. First degree felonies are punishable by terms of imprisonment from between three (3) to ten (10) years. R.C. 2929.14(A)(1). When imposing a prison sentence on offenders who have not previously served a prison term, courts are directed to impose the shortest prison term allowed for the offense unless "the court finds onthe record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." (Emphasis added.) Id. at (B).[2]
 {¶ 12} In the case sub judice, we conclude that the trial court complied with that directive. Although no finding to this effect exists in the trial court's sentencing entry, the transcript of the September 3, 2002 sentencing hearing reveals the following comment by the trial judge: "I have now considered the minimum sentence, expressly find that the imposition of the minimum sentence would demean the seriousness of the offense. That's on the rape sentence."[3]
 {¶ 13} This comment shows that the trial court considered imposing the minimum sentence as required by statute. To be sure, the court did not elaborate on its findings. There is, however, nothing in R.C. 2929.14(B) that expressly requires the court to explain its reasons for imposing more than the minimum sentence. See State v. Edmonson (1999),86 Ohio St.3d 324, 715 N.E.2d 131, at the syllabus; also see State v.Castle, Champaign App. No. 02CA09, 2003-Ohio-45, at ¶ 7; State v.Colbert, Cuyahoga App. No. 80631, 2002-Ohio-6315, at ¶ 16; State v.Robar, Franklin App. No. 01AP-1463, 2002-Ohio-4325, at ¶ 22.
 {¶ 14} Appellant also contends that insufficient evidence appears in the record to support a nine year prison sentence. Again, we disagree. Appellate courts should not disturb a trial court's sentence unless it clearly and convincingly appears that either the record does not support the trial court's findings or that the sentence is contrary to law. In other words, appellant must persuade us by clear and convincing evidence that the trial court erred when it sentenced him to nine years in prison. State v. Long, Hocking App. No. 02CA3,2002-Ohio-6153, at ¶ 13; State v. Johnson, Washington App. No. 01CA5, 2002-Ohio-2576, at ¶ 36; also see Griffin Katz, Ohio Felony Sentencing Law (2001 Ed.) 725, Section T 9.16. Appellant has not carried that burden in the instant case.
 {¶ 15} Our review of the record indicates that: (1) the victim was appellant's own daughter; (2) appellant had various sexual encounters with her over a period of time; and (3) appellant enticed her into some of these encounters by purchasing her alcohol and cigarettes which she was forbidden to consume. The victim's mother, Cindy Snyder, testified that her daughter's life was "ruined" and that she would "suffer the rest of her life." Given this, we are not persuaded by clear and convincing evidence that the trial court erred in imposing a nine year prison sentence.[4] Appellant's first assignment of error is accordingly overruled.
 II {¶ 16} Appellant argues in his second assignment of error that the trial court erred in ordering the sentences to be served consecutively. We disagree.
 {¶ 17} Our analysis begins with the provisions of R.C. 2929.14(E)(4) which state, in pertinent part, as follows:
 {¶ 18} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 19} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 20} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 21} "(c)The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 22} Thus, the statute sets out a "tri-partite procedure" for imposing consecutive prison sentences: first, the trial court must find that consecutive sentences are "necessary" to protect the public or to punish the offender; second, the court must find that the proposed consecutive sentences are "not disproportionate" to the seriousness of the offender's conduct and the "danger" that the offender poses; and third, the court must find the existence of one of the three enumerated circumstances in sub-parts (a) through (c). State v. Lovely (Mar. 21, 2001), Scioto App. No. 00CA2721, unreported; State v. Haugh (Jan. 24, 2000), Washington App. No. 99CA28, unreported. The court must also make findings that explain its reasons for imposing consecutive sentences. See R.C. 2929.19(B)(2)(c); also see State v. Mulhern, Vinton App. No. 02CA565, 2002-Ohio-5982, at ¶ 57; State v. Bellomy, Scioto App. No. 02CA2828, 2002-Ohio-5599, at ¶ 15.
 {¶ 23} In the case sub judice, none of the trial court's findings or reasons for imposing consecutive sentences appear in the sentencing entry. We thus turn to the transcript of the September 3, 2002 sentencing hearing wherein the following analysis appears on the record: "The Court further finds that consecutive sentences are necessary to protect the public and punish the offender. The Court further finds that consecutive sentences are not disproportionate to the offender's conduct and the danger the defendant poses. The Court further specifically finds the harm he caused by these multiple offenses is so great and unusual that no single term for either offense adequately reflects the seriousness of the offender's conduct."
 {¶ 24} This recitation clearly shows that the trial court engaged in the analysis required by R.C. 2929.14(E)(4). Moreover, as the following excerpt from that same transcript demonstrates, the trial court also explained its reasons for imposing consecutive sentences in this case: "The Court finds while an employee of the juvenile court he used threats with regard to your daughter which she was twelve and thirteen. In your PSI interview you admitted having sex with her three times and that you knew she felt terrible while it was happening. The Court further finds that this manipulative behavior in regards to a pubescent girl, admission of at least three sexual encounters within a period of months demonstrates consecutive sentences are necessary to protect the public from future crimes."
 {¶ 25} These reasons are amply supported in the record. Appellant counters by pointing to an evaluation prepared by the Shawnee Forensic Center which characterized his behavior as simply a "blurring of the usual father-daughter boundaries" and opined that he "has a low probability of engaging in [such offenses] in the future . . ." The trial court apparently afforded little weight to that report and we find no error in that decision.
 {¶ 26} We note that the Shawnee Forensic Center Report was a "psychological evaluation" of the appellant. It is not an investigation into the facts of this case. The PSI provides a more complete picture and shows that appellant admitted to having taught his daughter how to masturbate and to having had sexual contact with her on three occasions. He also admitted that he knew his daughter had "low self-esteem" and felt "terrible" about these incidents, but nevertheless chose to engage in this activity. The PSI further shows that the victim told authorities that her father molested her "15 or 20 times" in a three month period. She stated that she sometimes covered her head with a pillow and would tell him "no" and plead with him to "stop." The girl's mother revealed that she found soiled "G-string" panties and matching bra that her husband (appellant) had purchased for his daughter. In light of these circumstances, as well as the court's explicit finding of the statutory factors necessary to impose consecutive sentences, we cannot conclude that the trial court erred by imposing consecutive sentences. Therefore, appellant's second assignment of error is accordingly overruled.
 {¶ 27} Having considered both errors assigned and argued in the briefs, and after finding merit in neither of them, we hereby affirm the trial court's judgment.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and Evans, J. concur in judgment and opinion.
[1] Appellant's brief does not contain a separate statement of the assignments of error as required by App. R. 16(A)(3). Thus, we take these from appellant's brief's table of contents. We also note that his brief in a prior appeal lacked the same statement and that we provided appellant with notice of that deficiency. Thus, appellant should have corrected his brief. Appellant should take advantage of this information as appellate courts may strike briefs that do not comply with App. R. 16.
[2] The PSI indicates that appellant has no previous "adult criminal history."
[3] In State v. Edmonson (1999), 86 Ohio St.3d 324, 327, 715 N.E.2d 131, the Ohio Supreme Court looked to the sentencing hearing transcript as well as the sentencing entry to determine whether the trial court made the requisite findings under R.C. 2929.14(B) for imposing a sentence greater than the minimum sentence. Subsequent appellate court decisions have interpreted that case to mean that the required findings may appear in either place. See e.g. State v. Fernandez, Lake App. No. 2001-L-162,2002-Ohio-7140, at ¶ 74; State v. McCarthy, Belmont App. No. 01BA33, 2002-Ohio-5185, at ¶ 7. We read Edmonson the same way and, thus, look to either the sentencing entry or the hearing transcript to ascertain if the court made the required findings.
[4] Appellant cites State v. De Amiches (Mar. 1, 2001), Cuyahoga App. No. 77609, wherein our colleagues in the Eighth Appellate District reversed a trial court's imposition of a maximum prison sentence for rape of a child under thirteen years of age when (as in the case sub judice) no evidence of force or prior criminal history appeared in the record on the part of the defendant. We do not find De Amiches particularly persuasive here. First, that case is distinguishable from the instant case as the trial court here did not impose a maximum sentence. Second, cases that involve sentencing issues are all unique and very fact specific. The facts in De Amiches are different than in this case. In De Amiches the offense was perpetrated against a neighbor whereas in this case the rape was perpetrated against appellant's own daughter. Obviously, the parent of the victim in the instant case abused his position of trust and authority. Furthermore, appellant was apparently a Hocking County Juvenile Court employee during the time that he committed the offenses. Thus, we do not find De Amiches particularly instructive or persuasive in this case.